IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**JOHN HALVERSON**,

        Plaintiff,

v.   Case No. 19-cv-2

**UNITED STATES OF AMERICA**,

        Defendant.

## COMPLAINT

Now comes Plaintiff, John Halverson, by his attorney Mark Maciolek, Murphy Desmond S.C., pursuant to the provisions of 18 U.S.C. § 925A, seeking an order that a firearm transfer be approved. He also seeks a declaratory judgment that he is not prohibited from possessing a firearm or ammunition under federal law. For a complaint he shows the Court the following:

### VENUE AND JURISDICTION

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this lawsuit is based upon the provisions of federal statute 18 U.S.C. § 925A(2), which provides a remedy for erroneous denial of firearm transfers. Mr. Halverson's request for a declaratory judgment is proper pursuant to 28 U.S.C. § 2201, which provides for declaratory judgment actions in federal matters.

2. The Western District of Wisconsin is proper venue for this lawsuit as to Defendant United States of America, pursuant to 28 U.S.C. § 1391(e)(1), because the Plaintiff resides in the Western District of Wisconsin and no real property is involved in the action.

## PARTIES

3. Plaintiff, John Halverson, is a natural person having a principal residence at 106 Westridge Road, Janesville, Wisconsin.

4. Defendant, United States of America, is a sovereign nation.

## FACTS

5. On August 30, 2016, John Halverson won a raffle at a sporting goods shop located in Janesville, Wisconsin. The prize for the raffle was a shotgun, which is a firearm under federal law.

6. Because the sporting goods shop was a licensed federal firearms dealer, it required Mr. Halverson to submit to a background check using ATF Form 4473. A copy of the form is attached as Exhibit A.

7. The NICS transaction number assigned to the transfer was 1000JLJ0Y.

8. Mr. Halverson was denied the transfer of the firearm he had won in the raffle, reportedly because of a conviction for disorderly conduct pursuant to Wis. Stats. § 947.01.

9. Mr. Halverson has no other criminal convictions.

10. In order to be a misdemeanor crime of domestic violence, a crime must require, as an element, the "use of physical force." § 921(a)(33)(A)(ii). The Supreme Court of the United States recently issued an opinion in *United States v. Castleman*, 134 S.Ct.

- 3 -

1405, 1415 (2014), citing its own opinion in *Leocal v. Ashcroft*, 125 S.Ct. 377 (2004), for the proposition that the word "use" in the phrase "use of physical force," means the legal definition of the crime must require "a higher degree of intent than negligence or merely accidental conduct." Accordingly, only crimes that require a mental state or scienter greater than negligence can be misdemeanor crimes of domestic violence under federal law.

11. It is settled law that Wisconsin's disorderly conduct statute requires no element of intent whatsoever, not even negligence. *State v. Schwebke*, 253 Wis. 2d 1, 29 (WI App. 2002). Therefore, Disorderly Conduct as defined in Wis. Stat. § 947.01 is not a misdemeanor crime of domestic violence under federal law.

12. Because Mr. Halverson is not convicted of a crime that would prohibit him from possessing a firearm, the denial of the transfer of the firearm was in error.

## CAUSES OF ACTION

### Erroneous Denial of Firearm Transfer

13. Mr. Halverson incorporates by reference paragraphs 1 – 12 as though fully restated herein.

14. Because Mr. Halverson is not prohibited from possessing a firearm or ammunition, he seeks an order that his attempted transfer on August 30, 2016, be approved, pursuant to 18 U.S.C. § 925A.

### DECLARATORY JUDGMENT

15. Mr. Halverson incorporates by reference paragraphs 1 - 14 as though fully restated herein.

16. Mr. Halverson requests a declaratory judgment pursuant to 28 U.S.C. § 2201that he is not prohibited from possessing a firearm or ammunition under federal law.

WHEREFORE, Mr. Halverson requests judgment that he is not prohibited under federal law from receiving a firearm and an order that the firearms transfer he attempted on August 30, 2016, be approved.  Mr. Halverson requests that the Court award him attorney's fees pursuant to 18 U.S.C. § 925A. Mr. Halverson requests a declaratory judgment pursuant to 28 U.S.C. § 2201that he is not prohibited from possessing a firearm or ammunition under federal law.

Mr. Halverson also requests any other relief that the Court deems just and equitable.

Dated this 31st day of December, 2018.

        **MURPHY DESMOND S.C.**
        Attorneys for the Plaintiff

By: /s/
    Mark P. Maciolek
    State Bar Number:  1054208
    33 East Main Street, Suite 500
    P.O. Box 2038
    Madison, WI  53701-2038
    (608) 257-7181
    mmaciolek@murphydesmond.com